IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA,

*Plaintiff*,

v.

YOLANDA GAIL WELCH,

*Defendant*.

Criminal No. ELH-13-00568
Civil No.:  ELH-15-262

## MEMORANDUM

Pursuant to 28 U.S.C. § 2255; 28 U.S.C. § 2253(c)(1); and Rule 22(b) of the Federal Rules of Appellate Procedure, Yolanda Gail Welch, petitioner has filed a "Request For A Certificate of Appealability" ("Request," ECF 170) to permit her to appeal this Court's disposition of her § 2255 petition.  *See* ECF 159; ECF 160.  The government opposes the Request.  ECF 173.  No reply has been filed, and the time to do so has expired.

No hearing is necessary to resolve the Request.  For the reasons that follow, I shall deny the Request.

## I.      Procedural Background

Ms. Welch entered a plea of guilty on January 3, 2014, to the offense of conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349.  *See* ECF 49; ECF 54 (Plea Agreement); ECF 55; *see also* ECF 157-1 (Plea Agreement).  She was sentenced on April 21, 2014, to a below-guidelines sentence of 33 months of incarceration.  ECF 95; ECF 96.  Judgment was entered on the same date (ECF 96; ECF 97) and amended on April 24, 2014.  ECF 98; ECF 99; ECF 100.  No appeal was taken by Ms. Welch.  The Court entered a Second Amended Judgment on May 1, 2015 (ECF 149), upon defendant's request (*see* ECF 142; ECF 143), solely to provide, for defendant's benefit, that "no restitution payments may be taken from or assessed against the

defendant's Prison Inmate Account." ECF 149 at 6; *see also* ECF 125; ECF 126; ECF 128; ECF 146.

In the interim, on January 29, 2015, Ms. Welch filed a pro se Motion To Vacate, Set Aside, Or Correct Sentence, pursuant to 28 U.S.C. § 2255, (ECF 129), supported by a memorandum (ECF 129-1). She filed an amended petition on May 19, 2015. ECF 155 (collectively, the "Petition"). The government filed an opposition, with exhibits, on May 29, 2015. ECF 157. Ms. Welch replied on June 24, 2015. ECF 158.

By Memorandum (ECF 159) and Order (ECF 160) dated August 14, 2015, I deferred ruling on Ms. Welch's claim in her Petition that her defense attorney was ineffective because he failed to note a direct appeal following the sentencing. As to that claim, I concluded that an evidentiary hearing was necessary to resolve disputed facts. ECF 159 at 2, 10-12, 26. However, I denied all of Ms. Welch's many other claims. *Id.* at 26. As to Ms. Welch's claim of ineffective assistance of defense counsel, based on the alleged failure to note a timely appeal, I directed the appointment of counsel for Ms. Welch. ECF 160, ¶ 3.[1] And, because of the unresolved issue as to the appeal, I said in my Order, ECF 160: "At this juncture, a Certificate of Appealability shall not issue."

By Notice docketed April 6, 2016, Ms. Welch, through court appointed counsel, withdrew her allegation that trial counsel was ineffective because he failed to note a direct appeal. ECF 167. Thereafter, on April 7, 2016, I held a telephone conference with counsel. *See* ECF 168. As indicated in ECF 168, Ms. Welch's attorney was to submit a motion requesting a Certificate of Appealability. The Request followed on April 15, 2016 (ECF 170), pertaining to

---

[1] Counsel was appointed in December 2015. *See* ECF 161.

the remaining claims denied by the Court in the Memorandum and Order of August 14, 2015 (ECF 159; ECF 160).  As noted, the government opposes the Request.  ECF 173.

## II.    Discussion

Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts is pertinent.  Rule 11(a) provides, in part:  "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Moreover, "[i]f the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."

Under 28 U.S.C. § 2253(c)(1)(B), "an appeal may not be taken to the Court of Appeals from . . . the final order in a proceeding under section 2255," unless "a circuit justice or judge issues a certificate of appealability."  Section 2253(c)(2) provides that a certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  In order to make such a showing, the petitioner must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner . . . or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack  v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations omitted).

In my view, Ms. Welch has not made the showing required by § 2253(c)(2).  Moreover, reasonable jurists could not debate the point.  *Slack*, 529 U.S. at 484.  Therefore, I shall deny petitioner's Request for a Certificate of Appealability.

An Order follows.


Date:   May 19, 2016                                     /s/
                                        Ellen L. Hollander
                                        United States District Judge


3